# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-0498V
UNPUBLISHED

| | |
|---|---|
| RUBY WILLIAMS,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 23, 2022<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Glen Howard Sturtevant, Jr., Rawls Law Group (Richmond), Richmond, VA,* for Petitioner.

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION AWARDING DAMAGES[1]

On April 24, 2020, Ruby Williams filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she received an influenza ("flu") vaccine in her right deltoid on October 3, 2018, and thereafter suffered from a right-sided shoulder injury related to vaccine administration ("SIRVA"). Petition at 1 (Preamble). The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 23, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On March 22, 2022, Respondent filed a combined Rule 4(c) report and Proffer on award of compensation ("Rule 4(c)/Proffer") indicating Petitioner should be awarded a total of $75,178.92, consisting of $75,000.00 in pain and suffering, $160.00 for past unreimbursed expenses, and $18.92, representing compensation for

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

satisfaction of a State of Texas Medicaid lien. Rule 4(c)/Proffer at 4-5. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Rule 4(c)/Proffer.

Pursuant to the terms stated in the Rule 4(c)/Proffer, **I award Petitioner the following:**

(1) **A lump sum payment of $<u>18.92</u> representing compensation for satisfaction of a State of Texas Medicaid lien, payable jointly to Petitioner and**

> **TMHP-Medicaid
> TMHP TPL-Tort Department
> Attn: Tort Receivables
> PO Box 202948
> Austin, TX 78720-2948.**

**Petitioner agrees to endorse this payment to TMHP (Texas Medicaid & Healthcare Partnership), and**

(2) **a lump sum payment of $<u>75,160.00</u>, (representing $75,000.00 for pain and suffering and $160.00 for past unreimbursed expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.